# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| S.I.P. TECHNOLOGIES, L.L.C., | CIVIL ACTION NO. 2:18-CV-00172 |
| Plaintiff, | SECTION J(4) |
| VS. | JUDGE BARBIER |
| GREG SPEAR, MTN PRODUCTS, INC., WATER SOLUTIONS (HONG KONG) LIMITED, AND HARTFORD FIRE INSURANCE COMPANY | MAGISTRATE JUDGE ROBY |
| Defendants. | |

## STIPULATED PERMANENT INJUNCTION

Pursuant to a Settlement Agreement (the "Settlement Agreement") and by stipulation between plaintiff S.I.P. Technologies, L.L.C. ("SIP") and defendants Greg Spear, MTN Products, Inc. ("MTN"), Water Solutions (Hong Kong) Ltd. ("WSL"), (collectively, "Defendants"), the Court herby enters this Stipulated Permanent Injunction:

## ORDER DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "Confidential Information" means any information, knowledge or data of any nature and in any form relating to the business of SIP, whether or not marked "confidential", including, without limitation, information relating to business plans, product designs, product specifications, manufacturing processes, operational methods, quality assurance procedures, drawings, graphs, trade secrets, invention disclosures, unpublished patent applications, supplier lists, customer lists, supplier information, purchasing methods or practices, distribution and

1

marketing activities, strategies or techniques, financial reports, budgets, cost analyses, price lists, formulae and analyses, and internal notes and memoranda relating to any of the foregoing; provided, however, that the term "Confidential Information" does not include any information that at the time of disclosure or thereafter (i) is known or independently developed by the Party receiving such information, (ii) is generally available to the public, or (iii) is available on a non-confidential basis from another source provided that such information was not obtained by such source in a manner that violated an obligation of confidentiality to SIP.

2. "Document" and "Electronically Stored Information" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to all original and copies of:

(A) written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, such as letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files;

(B) electronically stored information stored on any iPhones, or any other type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computers and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; and

(C) backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another

company facility, or stored, hosted, or otherwise maintained offsite by a third-party; and computers and related offline storage.

3. "Existing Know-How" means all of SIP's know-how, trade secrets and Confidential Information in any form, in existence as of May 1, 2011, relating to the SIP System.

4. "Licensed Technology" means, collectively, the Patents and the Existing Know-How.

5. "Patents" means U.S. Pat. Nos. 6,085,540, 6,289,690, 6,532,760, 6,561,382, 7,114,637, 7,175,054, 7,258,803, 7,422,684, 7,640,766, 7,655,150, 7,748,233, 8,007,666, 8,056,358, 8,343,341, 8,366,920, 8,387,409, 8,500,993, 8,647,501, 8,871,085, 9,034,183, 9,434,623, and 9,446,968, and any foreign patents, continuations, continuations-in-part, divisionals or reissue patent applications based on such patents or patent applications.

6. "SIP System" means the ozone generating system of the Licensed Technology for sanitizing a water reservoir using ozone diffusion developed by SIP and all associated parts and components as described by the Specifications, including, without limitation, the SIP Unit and all diffusers, air pumps, tubing, specially designed spigots, flow lines, power cables and other components for incorporating the SIP Unit into a watercooler and for treating the watercooler reservoir and the water contained in the reservoir with ozone.

7. "SIP System Component" means any part or component of the SIP System.

8. "SIP Trademarks" means the "SIP" trademark and any variation of the SIP trademark or any other trademarks, trade dress, slogans, or logos identified or used by SIP to market the SIP System including, without limitation, "Sanitize It Perfectly", "SIP Enhanced", and the "SIP Enhanced" design depicted below:



9. "SIP Unit" means an ozone generating unit and associated parts and components enclosed within the ozone generator housing developed by SIP, including, without limitation, an ozone generator, any programmable electronics, a timer, a blower, and a transformer.

10. "Specification" means the design and manufacturing specifications for the SIP System which were attached as Exhibit 'A' to the License Agreement between Plaintiff and MTN and WSL.

11. "Watercooler Products" means any watercoolers, watercooler products, bottled watercoolers, point-of-use coolers, under sink dispensers, remote chilling systems, filter systems, drinking fountains and related equipment.

**ORDER**

1. The Defendants will strictly comply with all provisions of the Settlement Agreement.

2. Spear, MTN, WSL, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them, who receive actual notice of this

Order, whether acting directly or indirectly, are permanently restrained and enjoined from manufacturing, assembling, producing, distributing, advertising, marketing, offering for sale or lease, promoting, or displaying, domestically or internationally, Watercooler Products bearing the SIP Trademarks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof, components bearing the SIP Trademarks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof, or things bearing the SIP Trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof. Spear, MTN, and WSL stipulate that the SIP Trademarks are valid and enforceable and that SIP owns and has the exclusive right to use the SIP Trademarks.

3.  Spear, MTN, WSL, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from using, domestically or internationally, any false designation of origin or false description which is likely to lead the trade or public or individuals to believe that Defendants or their products have been manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered for sale, used, imported, exported, advertised, promoted, licensed, sponsored, or approved by SIP.

4.  Spear, MTN, WSL, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from unlawfully using, manufacturing, assembling, producing, distributing, divulging, copying, misappropriating, disclosing, reproducing, licensing, offering for sale, or selling, domestically or internationally, the Licensed Technology, SIP System, SIP System Components, or the SIP Unit,

5

including, without limitation, any black boxes removed from any Water Coolers. Spear, MTN, and WSL stipulate that: the Existing Know-How are valid and enforceable trade secrets; the Patents are valid and enforceable; and SIP owns such trade secrets and Patents.

5. Spear, MTN, WSL, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall take all necessary steps to ensure that any website under their control, directly, or indirectly, is no longer viewable or accessible to the public using the Internet to the extent that the website promotes, advertises, markets, or displays: (1) Watercooler Products bearing the SIP Trademarks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof; (2) components bearing the SIP Trademarks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof; or (3) things bearing the SIP Trademarks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of thereof.

6. In accordance with 15 U.S.C. § 1116(a), Spear, MTN, and WSL shall serve on SIP a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with this Stipulated Final Judgment and Permanent Injunction and the Settlement Agreement. (Pursuant to 15 U.S.C. § 1116(a), this must be done 35 days after this injunction is entered.)

7. Spear, MTN, and WSL shall immediately provide a copy of this Stipulated Permanent Injunction to each of their agents, employees, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, dealers, distributors, and successors in interest worldwide, any other persons designated by SIP, and all persons in active concert or participation with Defendants, who participate in or have any responsibilities relating

to the subject matter of this action, including, without limitation, Mei Ling Spear, Christopher Spear, Steven Spear, Chun-Yen Wang, George Dziura, Jim Wilson, Matthew Lee, Andy Chin Cheung Lau (spelling from settlement agreement), Yim Keun Chu-Lau (same), New Beverage Ventures, MTN Products Ltd. (United Kingdom), Fresh Water Systems, Inc., and YouTube LLC. Within thirty (30) days following the entry of the Stipulated Final Judgment and Permanent Injunction, Defendants shall provide Plaintiff with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Stipulated Permanent Injunction in compliance with this paragraph.

8. This Permanent Injunction shall supersede the Stipulated Preliminary Injunction Order previously agreed to by SIP and Defendants and entered by the Court on January 29, 2018 [Rec. Doc. No. 8] and all of the terms and provisions included therein.

9. This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Stipulated Permanent Injunction.

New Orleans, Louisiana, this 11th of January, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE